# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

LESTER L. WASHINGTON                    CIVIL ACTION

VERSUS                                  NUMBER 09-662-BAJ-DLD

EAST BATON ROUGE PARISH SCHOOL
SYSTEM, ET AL

## ORDER

This matter is before the court on a referral from the district court of plaintiff's "motion for Magistrate Judge Docia L. Dalby of USDC MDL Case 307CV451 to recuse herself from this case for the plaintiff's belief that she violated FRAP Rule 1(B) disability and inability to carry out the unbiased business of the court and because the plaintiff filed a complaint of judicial misconduct against her and recent letters shows anger, hate, and a predetermined plan to obstruct all of the evidence and facts in this case before the facts and evidence is (sic) presented or heard: the plaintiff believes and the evidence shows that in the historical USDC MDL case 307CV0451 and 19th JDC Case 09-03-0442 she engaged in obstruction of justice re EBRPAE/EBRPSS before they illegally dismissed the case and all 4000 plus pages of facts, evidence, and information without the defense 'a prominent Baton Rouge lawyer' having to present a shred of evidence in opposition to the facts and time date confessions." (rec. doc. 19)

### *Background*

This case originally was before the court for a determination of pauper status under 28 U.S.C. § 1915.  As part of the screening process, the court has set a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), on July 29, 2010, to determine whether all or any part of this case should be dismissed as frivolous.  (rec. doc. 4) Following the

1

setting of the hearing, plaintiff filed a motion to change venue (rec. doc. 8), which is set for hearing at the same time as the *Spears* hearing, July 29, 2010. Plaintiff also previously filed a motion for recusal of all the judges (rec. doc. 7), which was denied by Chief Judge Tyson under both 28 U.S.C. § 455 and 28 U.S.C. § 144.

### The Current Motion

In this motion, plaintiff first takes issue with the fact that the undersigned magistrate judge set this case for a *Spears* hearing, calling it a "virulent, malicious, violent, and hateful attack against the plaintiff." (rec. doc. 19, pg 2) Plaintiff also accuses the undersigned of obstruction of justice in his two Fifth Circuit cases (08-30392 and 08-30324), along with civil action 07-451-JJB-DLD,[1] and a case in the 19th Judicial District Court for the State of Louisiana. Of all these cases, the undersigned presided in only 07-451-JJB-DLD. Plaintiff is mistaken as to the remaining cases and the undersigned's involvement in same. The undersigned issued no rulings and took no action in the remaining cases and had no interest whatsoever in their outcomes.

With regard to civil action 07-451-JJB-DLD, the record reflects that the undersigned issued three orders, none of which were adverse to plaintiff's interests. One order granted plaintiff's motion to proceed *in forma pauperis* and ordered the U.S. Marshal to serve the defendants (rec. doc. 5); one order denied plaintiff's motion to enter "points of information for relief"[2] (rec. doc. 11); and one order granted most of plaintiff's motion to amend his complaint (rec. doc. 12). Whatever complaints plaintiff may have against other judicial officers in other cases is not attributable to the undersigned.

---

[1] *Lester L. Washington v. National Education Association, et al.*

[2] This motion asked the court to excuse plaintiff's delays in qualifying for ECF/CM and PACER, and concerns regarding service on defendants. The court explained in its order that plaintiff must continue to file and receive documents via mail and that a copy of the executed summons was mailed to him. Thus, there was no "relief" the court was able to grant.

### *GOVERNING LAW AND ANALYSIS*

There are two statutes that address recusal motions: 28 U.S.C. § 144 and 28 U.S.C. § 455.  Plaintiff is unrepresented, and thus cannot meet the procedural requirements of Section 144.[3] Thus, recusal under 28 U.S.C. § 144 is not applicable in this situation.

This does not mean that *pro se* litigants have no mechanisms to protect themselves from biased judges.  On the contrary, a *pro se* litigant may raise exactly the same issues relating to a judge's perceived impartiality under 28 U.S.C. § 455,[4] but there is no statutory language which requires an affidavit or good faith certificate from counsel of record.

However, recusal under 28 U.S.C. § 455 is unwarranted.  In determining whether recusal is appropriate under this statute, the Fifth Circuit has stated that the recusal standard is an objective one. Plaintiff must demonstrate that a reasonable and objective person, knowing all the facts and circumstances of the case, would harbor doubts concerning the undersigned's partiality.  *Patterson v. Mobil Oil Corp.,* 335 F.3d 476, 484 (5th Cir. 2003)*, cert. denied*, 640 U.S. 1108, 124, St. Ct. 1071 (2004). *See, also Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999).  This showing must be based on specific facts

---

[3] 28 U.S.C. § 144 states as follows: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

[4] 28 U.S.C. § 455, reads in pertinent part, as follows: (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. (b) He shall also disqualify himself in the following  circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . . .

3

so as to avoid giving a party a "random veto over the assignment of judges."  *Capizzo v. State*, 199 WL 539439 at *1 (E.D. La. July 22, 1999) Also, a section 455 claim must not be so broadly construed that "recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."  *United States v. Cooley,* 1 F.3d 985, 993 (10th Cir. 1993).

Finally, under either statute, any bias or prejudice must arise from an extrajudicial source, which is not the case here.  *Capizzo*, at *2.  Plaintiff has failed to demonstrate any personal bias by the undersigned.  The basis of plaintiff's motion is that the undersigned issued adverse orders in 07-45-JJB-DLD; that the setting of a *Spears* hearing in the present case was a "virulent, malicious, violent and hateful attack"[5] against plaintiff; that the undersigned has previously denied plaintiff "all oral argument and filing of facts, motions, mandamus petitions, and other police, court, child abuse, EBRP School District, NEA, LAE, EBRPAE, and 19th JDC evidence;" and that this was done in retaliation for his filing complaints against judicial officers. (rec. doc. 19).

Judicial rulings by the undersigned are insufficient to justify recusal as the Fifth Circuit has noted that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *United States v. Landerman*, 109 F.3d 1053, 1066 (5th Cir. 1997). Moreover, plaintiff has failed to provide any specific facts that would lead a reasonable and objective person to conclude that the undersigned's rulings were in retaliation for plaintiff's filing complaints against judicial officers, or specific facts that would lead a reasonable and objective person to question the undersigned's impartiality. Instead, the undersigned issued

---

[5]Rec. doc. 19, pg 2)

three proper orders in 07-451-JJB-DLD, had no participation in any other cases referenced by plaintiff, and has set a *Spears* hearing in the present case to allow plaintiff the opportunity to expound on his claims.  Therefore, no recusal is necessary.

Accordingly,

Plaintiff's motion for recusal of the undersigned (rec. doc. 19) is **DENIED**.

Signed in Baton Rouge, Louisiana, on July 22, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**