FILED
U.S. DISTRICT COURT
 
2010 DEC 20 P 1: 02

BY DEPUTY CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LESTER L. WASHINGTON

VERSUS

EAST BATON ROUGE PARISH
SCHOOL SYSTEM, ET AL

CIVIL ACTION

NO. 09-662-BAJ-DLD

## RULING

This matter is before the Court on a submission by plaintiff, Lester L. Washington, described by plaintiff as a notice, response and motion (doc. 34). Defendants have not responded to the submission. Subject matter jurisdiction is alleged under 28 U.S.C. §1331.

The Court having reviewed the submission described by plaintiff as a notice, response and motion, notes that much of the document addresses claims and issues not before this Court in the present action, and which are, therefore, outside the jurisdiction of this Court. The Court also notes that, to the extent the document prays for relief, the relief sought is either impracticably vague, not based in law and fact, or vexatious and frivolous. Plaintiff prays, *inter alia*, for:

> (1) "the right to present evidence before a fair, unbiased, non lying, non discriminatory, and equal judge, jury, court . . ."; (2) "a fair court and judges that are not culling, illegally blocking the filing, refiling, motions facts, evidence and litigation to protect the far richer, better connected, and known defendants who have lawyers"; (3) any and all

other relief, money, compensation, reviews, protections . . . due . . ."; (4) "justice in unjust court"; (5) "all relief requested in all filing [sic] in this case . . ."; (6) "the religious and all other discriminations and violations to cease; (7) "plaintiff [not to be] sanctioned or fined in this or any other cases . . ."; (8) disclosure of the truth, whistle blowing, and desire for all full due process of law, hearing of facts, examination of exhibits, cessation of the suppression of evidence . . ."; (9) acknowledgement of "the repeated, malicious, violent, and retaliatory denial of all due process and key discovery evidence and motions (more than 50 to date in all cases ) . . ."; (10) "reconsideration of these cases and all of the facts considering that the primary judge HT Wingate who is on their payroll accepting perks, pay, accolades, and/or benefits from the defense . . ."; (11) "all other relief allowed by law and requested in cases . . ."; (12) "relief under Rule 1(B) due to 'conduct prejudicial to the effective and all of the duties of office by reason of mental or physical disability.'"; (13) "[c]lear proof there were no due process hearings and there was extreme obstruction of justice in this case."

(Doc. 34, pp. 25-26).[1]

The Court finds that the document consists, primarily, of nothing more than conclusory and vexatious allegations.[2] The Court also notes that an identical

---

[1]The Court, for the sake of brevity, includes only a portion of the items that plaintiff included in the section of the document captioned "Relief Sought." The sample, however, is representative.

[2]The first sentence of the text provides:

> This is a motion for relief from all of the USDC'S, USCA FIFTH CIRCUIT, judges, and courts repeated false attacks upon me as An American Pro Se Litigant in cases where judges, judges wives, their employers, friends, associates, fellow adjunct professors, and other contacts are committing the violations of federal, state,

2

document was filed by plaintiff in a separate case presently before this Court.[3] "It is well settled that a plaintiff's pro se status does not give him a 'license to harass others, clog the judicial machinery with meritless litigation and abuse already overcrowded court dockets." *Thanedar v. Time Warner, Inc.*, 325 Fed.Appx 891, 900 (5th Cir. 2009) (quoting *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F.Supp. 276, 277-78 (S.D. Tex.1995); see also, e.g., *Knighten v. Cave & McKay*, 32 F.3d 566 (5th Cir. 1994) (stating that "[w]hile the district court is obliged to construe pro se pleadings liberally, it is not required to condone blatantly frivolous, vexatious, or harassing conduct").

Plaintiff is, accordingly, warned that repeated, frivolous or vexatious filings will subject him to appropriate sanctions. See e.g., *Greene v. Fontenot*, 221 Fed.Appx 343 (5th Cir.2007) *cert. denied*, 552 U.S. 864, 128 S.Ct. 153, 169 L.Ed.2d 105 (2007) (holding that a district court did not abuse its discretion in opposing sanctions where a pro se litigant made, *inter alia*, "scandalous allegations against various officials in this and other courts"); *BKS Properties v. Shumate*, 51 Fed.Appx 483 (5th Cir. 2002) (noting that sanctions are appropriate where pro se parties

---

> unconstitutional, child abuse, student abuse FERPAA, CRA OF 1964, US Constitutional and other laws.

(Doc. 34, p. 1).

[3] The only differences noted by the Court are the case captions on the documents.

abuse the judicial process); *Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998) *cert. denied*, 526 U.S. 1157, 119 S.Ct. 2044, 144 L.Ed.2d 212 (2007) (noting that a district court has discretion to impose sanctions upon vexatious or harassing litigants); *Birdo v. Carl*, 32 F.3d 565 (5th Cir. 1994) (noting that, in considering the propriety of sanctions imposed on a pro se litigant, the court considers whether the litigant received a warning prior to imposition of the sanctions).

## CONCLUSION

Accordingly, the motion (doc. 34) is hereby **DENIED** as frivolous and lacking in merit and plaintiff is cautioned that continued filing of frivolous or vexatious documents will subject him to appropriate sanctions.

Baton Rouge, Louisiana, December 17, 2010.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA