# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**LESTER L. WASHINGTON**  CIVIL ACTION

**VERSUS**  NUMBER 09-662-BAJ-DLD

**EAST BATON ROUGE PARISH SCHOOL SYSTEM (EBRPSS), ET AL**

## ORDER

This matter is before the court on a referral from the district court of *pro se* plaintiff's "motion for equitable tolling in this case and for all complaints and violations under Title VI and Title VII of the CRA of 1964/1991 for EBRPSS'S (sic) intentional, violent, retaliatory, and planned delays and refusal to comply with the Title VI, VII, and CRA of 1964 administrative processes for reviewing, investigation, and complying with federal laws under the CRA of 1964 to impose both immediate and long term harm upon the plaintiff and other student, staff, employees, families, and others when due process is requested in compliance with their (sic) and state laws to stop academic and educational homicides in Louisiana." (rec. doc. 25)  The motion is unopposed, but none of the defendants have appeared in the case, either.  The plaintiff has requested many different actions by the court in this one motion; however, the court notes that the motion basically is one for equitable tolling under Titles VI and VII of the Civil Rights Act of 1964.

## *Background*

On August 19, 2009, plaintiff filed a complaint in this court, asserting a myriad of claims under numerous state and federal laws.  (rec. doc. 1) On March 30, 2010, pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), the court set a hearing to determine whether all or any part of the case should be dismissed as frivolous. (rec. doc. 4) Plaintiff requested an extension of the hearing date, and the hearing subsequently was held on July

29, 2010, at which time the court questioned plaintiff about his complaint. (rec. doc. 24) On August 18, 2010, the court granted plaintiff's motion to amend complaint, and it is the original complaint of August 19, 2009, and the amended complaint of August 18, 2010, which the court will address.

### *Equitable Tolling Doctrine*

In lawsuits between private litigants, the statutory time limits to file lawsuits are customarily subject to the doctrine of equitable tolling. *Hallstrom v. Tillamook County*, 493 U.S. 20, 27, 110 S. Ct. 304, 309, 107 L.Ed. 2d 237 (1989). This doctrine preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable. *Davis v. Johnson*, 158 F.3d 806, 810-811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074, 119 S. Ct. 1474, 143 L.2d 2d 558 (1999). Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action, or is prevented in some extraordinary way from asserting his rights; however, a "garden variety claim of excusable neglect" does not support equitable tolling. *Rashid v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Equitable tolling has been allowed in situations where the plaintiff actively pursued his judicial remedies by "filing a defective pleading during the statutory period," or was "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Department of Veterans* Affairs, 498 U.S. 89, 111 St. Court 453, *citing to* Baldwin *County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed. 2d 196 (1984). Generally speaking, however, the courts have been much less forgiving in receiving late filings "where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin,* at 458, *citing to Baldwin County*, 466 U.S. 147, 151. The court can allow an untimely complaint to proceed under the doctrine of equitable tolling

only when the plaintiff "meets the high hurdle of showing that (1) extraordinary circumstances (2) beyond his control (3) made it impossible to file his petition on time." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). It is the plaintiff's burden to demonstrate a factual basis to toll the limitation period. *Conaway v. Control Data Corp.*, 955 F.2d 358, 362 (5th Cir. 1992).

In this case, plaintiff requests equitable tolling "in this case and for ALL complaints and violations under Title VI and Title VI." Such a broad request for relief simply cannot be addressed by this court as it would encompass an untold number of complaints and violations, either filed or unfiled, whether in this court, another court, or an administrative agency, and concern unnamed plaintiffs. Moreover, while plaintiff attempts to include any actions committed by a myriad of unnamed persons against a myriad of unnamed persons, such an attempt will not be entertained by this court as plaintiff has not made a *prima facie* showing that this action is a mass or class action suit. Thus, the court will confine its determination to the complaints filed in this case only, and to the claims which apply to plaintiff.

In examining the Title VI and Title VII allegations in this lawsuit, the gist of plaintiff's claim for equitable tolling as to the time limitations under these statutes seems to involve the placing of false information in plaintiff's personnel file, and the disclosure of plaintiff's private medical information to the public. Plaintiff contends these actions were intentionally committed to deny all of plaintiff's future employment prospects, and discriminatory because he is a member of a protected race, over the age of 40, disabled, and has engaged in protected activity.[1] While plaintiff's complaint is hard to decipher, he does state

---

[1] Plaintiff characterizes this allegation as one against "education, university, school district s and others attacking, retaliating against, and attempting to completely destroy the careers of teachers, educators, staff,
(continued...)

that he filed a complaint with the Equal Employment Opportunity Commission ("EEOC") in 2002/2003, and was told by the court to refile it with the EEOC in 2008/2009 to "secure a previously illegally denied notice of rights to sue [NRTS] where the EEOC falsely claimed he was an 'elected public official' and could not receive and (sic) EEOC investigation in his office and a NRTS and the court erroneously claimed and accepted no evidence that I had filed the complaint with the EEOC, US DOE OCR, and numerous federal agencies." However, other than these self-serving statements, plaintiff has provided no evidence that this court advised him to refile his claims with the EEOC in 2008/2009 to secure a previously illegally denied right-to-sue letter.

Moreover, while plaintiff has filed hundreds of pages of documents in this one matter, plaintiff's assertions regarding the EEOC charge related to the alleged placing of false information in plaintiff's employment file or disclosure of plaintiff's medical information to the public is vague and ambiguous,[2] and no copy of the EEOC charge and subsequent right-to-sue notice has been provided to the court in this action. As just one example of a vague and ambiguous allegation, plaintiff contends that from "March 2008 - May 30, 2008," he reported the violations to the EEOC, and states that the EEOC determined some charge untimely. With regard to untimely filed EEOC charges, equitable tolling may apply in the following circumstances: when there is a pending action between the parties in the incorrect forum; when the claimant was unaware of facts supporting his claim because the defendant

---

[1](...continued)
employees and others who become members of the most powerful teachers unions in the nation . . . and its affiliates." (rec. doc. 27, pg 3) This court will only address claims which concern plaintiff as plaintiff has not demonstrated that he has any standing to assert claims on behalf of any other potential plaintiffs.

[2]A charge of discrimination must be filed with the EEOC within 300 days after learning of any discriminatory conduct in order to avoid prescription of that claim. *Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998)(citing 42 U.S.C. § 2000e-5(3)(1)).

intentionally concealed them; and when the claimant was misled by the EEOC. *Irwin*, at 453. *See also, Chappell v. Emco Mach. Works, Co.*, 601 F.2d 1295, 1303 (5th Cir. 1979). These circumstances are not exclusive. *Sayre v. Pharmacy Corp. of America*, 2010 WL 4638597 (S.D.Ms. 2010).

In this case, because plaintiff's allegations as to when he filed the EEOC charges at issue in this lawsuit are vague and ambiguous, and plaintiff failed to provide those EEOC charges to the court,[3] the court cannot determine if the plaintiff was misled by the EEOC regarding his rights. Similarly, the plaintiff has not met his burden of proof that the defendants intentionally concealed any facts from him relating to his Title VII claims. Lastly, plaintiff has pointed to no other pending action between the parties which was occurring in the incorrect forum. Thus, without this crucial information, the court cannot determine the applicability of the doctrine of equitable tolling relating to the timeliness of plaintiff's EEOC charges.

Turning now to the timeliness of plaintiff's complaint, the same problem exists. Although plaintiff's complaints are voluminous, they are repetitious, and fail to provide enough information to determine first if the federal complaint is timely or untimely, and second, if the doctrine of equitable tolling should apply to extend the limitation period for an untimely complaint. Moreover, plaintiff asserts he is a "past EECO investigator (rec. doc. 27, pg 13)," thus, he is sophisticated as to the EEOC's procedures, and would be well aware of the necessity of exhausting his administrative remedies before filing a Title VII action in this court; however, other than the conclusory statement that he reported

---

[3]The plaintiff "summarized" the contents of the EEOC charges, but failed to provide dates for those charges, or a copy of the actual charges.

violations in March-May 2008, plaintiff's complaint is lacking any evidence that he exhausted his administrative remedies by filing a timely charge with the EEOC regarding the false information and medical information issues. The court cannot reach a determination as to whether equitable tolling applies to plaintiff's Title VII claims because of the lack of evidence relating to the EEOC charge.

As to whether his Title VI[4] claims should be equitably tolled, plaintiff has failed to allege that he filed an administrative complaint with the EEOC regarding these claims, or if a complaint was filed and the EEOC was unable to resolve it, that the funding agency[5] evaluated his administrative complaint. *See* 28 CFR §§ 42.605(3), 42.609, and 42.510. Plaintiff has not alleged any arguable basis in fact or law that his Title VI rights were violated, and has pointed to no extraordinary circumstances that prevented him from asserting his rights either with regard to filing an administrative complaint with the EEOC, and it is unknown to this court if any Title VI claim before this court is timely, or if untimely, if equitable tolling may apply, as plaintiff simply has failed to meet his burden of proof in this regard. The court therefore cannot reach a determination as to whether equitable tolling applies to plaintiff's Title VI claims because of the lack of evidence relating to the EEOC charge.

---

[4]Title VI provides that "No person in the United States shall ... be subjected to discrimination under any program or activity receiving Federal financial assistance" on the basis of race, color, or national origin. 42 U.S.C. § 2000d. The anti-retaliation regulation adopted pursuant to Title VI provides:

No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by Section 601 of [the Civil Rights] Act or this part, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this part.

[5]The federal agency which provides the financial assistance to the recipient is primarily responsible for enforcing Title VI as it applies to its recipients. In this case, plaintiff has not identified the recipient of the federal financial assistance; thus, it is unclear whether or not any federal agency investigated or evaluated the recipient's compliance with the anti-retaliation regulations under Title VI.

Thus, on the basis of the lack of evidence regarding plaintiff's exhaustion of administrative remedies under Title VI and Title VII, in addition to the factors which were considered under the doctrine of equitable tolling, the court will dismiss the motion in its entirety, and reaches no determination at this time as to whether plaintiff's EEOC charges and/or Title VI claims and/or Title VII claims are timely filed.

Accordingly,

**IT IS ORDERED** that plaintiff's motion for equitable tolling is **DISMISSED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of this order, plaintiff shall submit a copy of the actual Title VI administrative complaint submitted to the EEOC and/or the results of the funding agency's determination, and the Right-to-Sue notification on the same administrative complaint. Failure to comply shall result in a recommendation that plaintiff's Title VI claims be dismissed.

**IT IS FURTHER ORDERED** that, within thirty (30) days, of this order, plaintiff shall submit a copy of the actual EEOC charge relating to the Title VII claims of "false information in personnel file" and "disclosure of medical information to the public," and a copy of the Right-to-sue notification on the same EEOC charge. Failure to comply shall result in a recommendation that plaintiff's Title VII claims be dismissed.

Signed in Baton Rouge, Louisiana, on January 31, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**