**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LESTER L. WASHINGTON**                       **CIVIL ACTION**

**VERSUS**                                          **NUMBER 09-662-BAJ-DLD**

**EAST BATON ROUGE PARISH**
**SCHOOL SYSTEM (EBRPSS), ET AL**

## ORDER

This matter is before the court on a referral from the district court of three motions filed by *pro se* plaintiff:

1. Notice/motion to file the waiver requests, rejection of the waiver of the service of the summons, exhibits, and proof of service in the above case and service of the complaints upon the office of general counsel/attorney's office of the defendants" (rec. doc. 37);

2. Motion/request for a subpoena or for the court to order EBRPSS to disclose and submit the records of Mr. Decuir, past EBRPSS teacher and his identifiable information and whereabouts and/or drop him from this case and order EBRPSS/EBRPSB to accept full responsibility for his uninvestigated past actions, abuse, harms, damages, and claims, etc. in this case (rec. doc. 38); and

3. Motion for 30 day extension in compliance with the court order of (sic) dated January 31, 2011 and received about February 15, 2011 to gather, address, and re-file the requested documents in this case with a clear explanations of the filings for a fair, unbiased, non-discriminatory, and equal hearings, review of the facts, evidence in the case, and completely fair due process and litigation" (rec. doc. 40).

***Notice/Motion to file waiver requests, etc. (rec. doc. 37)***

On August 19, 2009, plaintiff filed a complaint in this court, asserting a myriad of claims under numerous state and federal laws. (rec. doc. 1) On August 18, 2010, the court allowed plaintiff to file an amended complaint and proceed with service on defendants. (rec. doc. 26) On October 19, 2010, the court ordered that plaintiff effect service upon the defendants by January 14, 2011. (rec. doc. 33)

On January 12, 2011, plaintiff filed the instant motion, requesting many different actions by the court; however, the court notes that the motion basically is one in which plaintiff "seeks the approval of all attempts, service, and the waiver, summons, exhibits, complaints, etc. upon the defense in which the waiver and some summons were rejected. . . ." (rec. doc. 37, pg. 2) Plaintiff's motion also seeks, among a myriad of requests unrelated to this motion, "any and all other relief, money, compensation, reviews, protections, and other benefits . . . in this and all historical and related cases that were not investigated. . . ." *Id.*, at pg. 3. Plaintiff's motion includes several proofs of service. (rec. doc. 37, pgs. 7-22)

On March 25, 2011, defendants filed a motion to dismiss (rec. doc. 42), wherein they admitted that plaintiff "finally achieved service of the Complaint" on all defendants except N. Decuir.[1] (rec. doc. 42-1, pgs. 1-2) Thus, the motion will be granted to the extent that the proofs of service for all defendants except Decuir are deemed filed, and the complaints are deemed served.

With regard to the remaining portions of plaintiff's motion, and as explained to plaintiff previously, such a broad request for relief simply cannot be addressed by this court as it would encompass an untold number of complaints and violations, either filed or unfiled, whether in this court, another court, or an administrative agency, and concern unnamed plaintiffs. Plaintiff's motion is an improper vehicle in which to request such relief, and the court therefore will deny the remaining portions of the motion.

---

[1] Defendants did not accept service on Decuir as they aver that they have no knowledge of this person.

***Plaintiff's Motion for a subpoena or court order regarding Decuir (rec. doc. 38)***

In this motion, plaintiff requests that the court order the East Baton Rouge Parish School System to either disclose and submit the records of Decuir, including his identifiable information and whereabouts, or have defendants drop Decuir from the case and accept full responsibility for his alleged actions. (rec. doc. 38) Plaintiff complains that the school system and/or school board refused to accept service on behalf of Decuir, whom plaintiff describes as a past employee of Scotlandville High School. Plaintiff did not attach a summons or any proof that service was attempted on Decuir; thus, it is unknown where or on whom plaintiff may have attempted to serve Decuir. Plaintiff confuses the distinction between the school system and/or the school board and the individual. The school system and/or school board is not Decuir, and plaintiff has presented no evidence whatsoever that Decuir has authorized either the school system and/or the school board to accept service of process on his behalf. It is Decuir who must be served, not his employer or former employer.

Plaintiff also wants the court to order other defendants to give plaintiff Decuir's identifying information so that he may be served; however, a scheduling order is not in place nor has any proper discovery taken place.

Federal Rule of Civil Procedure 4 (c) provides that "the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Rule 4(b) states that the plaintiff may present a summons to the clerk [of court] for signature and seal, and if the summons is properly complete, the clerk must sign, seal, and issue it to the plaintiff for

service on the defendant. Thus, it is plaintiff's responsibility to exercise due diligence in ascertaining either the complete name and/or address of Decuir, and then to present a properly completed summons. *Verrette v. Majors*, 2008 WL 4793197 (W.D. La. 2008) Plaintiff's motion is devoid of any due diligence on his part to locate Decuir and/or properly name Decuir as a defendant.[2] At this point, the court may either dismiss, without prejudice, Decuir as a defendant, or allow plaintiff additional time within which to effect service on Decuir. The court therefore will grant the motion only to the extent that the court will allow plaintiff an additional 60 days within which to serve Decuir.

***Plaintiff's Motion for Extension of Time to Gather Addresses
and Refile Documents (rec. doc. 40)***

On January 31, 2011, the court denied plaintiff's motion for equitable tolling regarding his Title VI and Title VII claims[3], and ordered plaintiff to:

1.   Submit a copy of the actual Title VI administrative complaint submitted to the EEOC and/or the results of the funding agency's determination, and the right-to-sue notification on the same administrative complaint; and

2.   Submit a copy of the actual EEOC charge relating to the Title VII claims of "false information in personnel file" and "disclosure of medical information to the public," and a copy of the right-to sue notification on the same EEOC charge.

(rec. doc. 39)

Plaintiff was given 30 days to comply, and advised that failure to comply shall result in a recommendation that plaintiff's Title VI and/or Title VII claims be dismissed. *Id.* On

---

[2]Moreover, the proper means to request information from a party, i.e., the address of another potential defendant, is by way of a request for production of documents and/or interrogatories, although any such request at this point is premature as there has been no Rule 26(f) conference or scheduling order entered in this case.

[3]Plaintiff's Title VI and Title VII claims allegedly arise under 42 U.S.C. § 2000(d) and (e) of the Civil Rights Act of 1964/1994.

March 1, 2011, plaintiff filed the instant motion, requesting an additional 30 days to comply. Before the court could rule on that motion, plaintiff filed a response to the court's January 31, 2011, order. (rec. doc. 41)  A review of the "response," however, indicates that it is no more than a re-filing of more than 400 single-spaced pages of documents, none of which are the EEOC charges of discrimination, agency determinations, or right-to-sue notifications.

As the court has instructed plaintiff previously, in the Fifth Circuit, any charge of discrimination filed with the EEOC must be timely[4], and the plaintiff must have received a right-to-sue letter before filing a lawsuit in federal court. *Dao v. Auchan Hypermarket*, 96 F. 3d 787, 789 (5th Cir. 1996). As plaintiff's complaint was filed with this court on August 19, 2009, any right-to-sue notification would have to have been received 90 days prior to the filing of the complaint in order for plaintiff's complaint to be deemed timely.[5]  Thus, before the federal court may consider plaintiff's Title VII claims, plaintiff first must exhaust his administrative remedies. *National Association of Government Employees v. City Public Service Board of San Antonio, Texas*, 40 F.3d 698, 711 (5th Cir. 1994), *citing Sanchez v. Standard Brands, Inc.*, 431 F2d 455, 466 (5th Cir. 1970).  This requirement to exhaust administrative remedies also applies equally to Title VI claims.

---

[4]A charge of discrimination must be filed with the EEOC within 300 days after learning of any discriminatory conduct in order to avoid prescription of that claim. Huckabay v. Moore, 142 F.3d 233, 238 (5th Cir. 1998)(citing 42 U.S.C. § 2000e-5(3)(1)).

[5] Moreover, a suit which follows the issuance of a right-to-sue notification from the EEOC is limited in scope to the discrimination contained within the charge itself, like or related to the allegations in the EEOC charge, can reasonably be expected to grow out of the charge of discrimination, or which developed during the course of the EEOC investigation of that charge. *Sanchez,* at 466. *See also, Gerac- Ogashi v. Iberia General Hospital*, 952 F. Supp. 360 (W.D. La. 1996); *Young v. City of Houston*, 906 F.2d 1777, 179 (5th Cir. 1990); 42 U.S.C. §200e(5( 3)(1).

At this point, there is no indication in the record that plaintiff exhausted his administrative remedies under either Title VI or Title VII, as he has failed to comply with the court's order to provide the charges of discrimination, any agency determinations,[6] or right-to-sue notifications.[7]  The court notes that plaintiff has alleged that he is a past EEOC investigator, but has only summarized the purported findings of the EEOC in his filings, or attached correspondence indicating that in May 2009, he requested that the EEOC formulate charges for him. (rec. doc. 41-1, pg 59)  There is nothing in the record to suggest that charges of discrimination were prepared regarding the placing of allegedly false information in his personnel file, or that a right-to-sue notification was received on this issue.  However, the court will grant plaintiff's motion for extension and allow plaintiff one final opportunity to provide the court with the requested charges of discrimination, agency determinations, and right-to-sue notifications, as explained in the January 31, 2011, order. The court cautions plaintiff, however, that this is *not* an opportunity to refile any previously filed documents, submit evidence of EEOC complaints against non-defendants in this case, or assert the same repetitious allegations; this is an opportunity to provide the *actual* charges, determinations, and notices themselves which are the subject of this lawsuit, in order that the court may determine if plaintiff exhausted his administrative remedies before bringing suit in this court. Failure to comply with this order shall result in the

---

[6]In the hundreds of pages of exhibits filed by plaintiff, the court notes that the only agency correspondence is an April 1, 2010, letter from the Office for Civil Rights regarding plaintiff's request for reconsideration.  (rec. doc. 41-4, pgs 37-40) Such document is not an agency determination, nor is it an EEOC charge of discrimination or right-to-sue notification.

[7]While plaintiff's amended complaint seems to assert that he received right-to-sue notifications on September 16, 2009 (rec. doc. 27, pg 14), and April 28, 2010 (*Id.*, at pg 18) no copy of the notifications have been provided.

recommendation that plaintiff's Title VI and Title VII claims in this lawsuit be dismissed in their entirety.

Accordingly,

**IT IS ORDERED** that plaintiff's notice/motion to file the waiver requests, rejection of the waiver of the service of the summons, exhibits, and proof of service in the above case . . . (rec. doc. 37) is **GRANTED** only to the extent that proofs of service for all defendants other than Decuir are deemed filed. The motion is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that plaintiff's motion (rec. doc. 38) , be and it is hereby **GRANTED** only to the extent that plaintiff is given an additional sixty (60) days from the date of this Order to effect service on Decuir. In all other respects, the motion is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for 30 day extension in compliance with the court order of (sic) dated January 31, 2011. . . (rec. doc. 40) is **GRANTED** only to the extent that,

1. Within forty-five (45) days of this order, plaintiff shall submit a copy of the actual Title VI administrative complaint submitted to the EEOC and/or the results of the funding agency's determination, and the Right-to-Sue notification on the same administrative complaint; and

2. Within forty (45) days of this order, plaintiff shall submit a copy of the actual EEOC charge relating to the Title VII claims of "false information in personnel file" and "disclosure of medical information to the public," and a copy of the Right-to sue notification on the same EEOC charge.

In all other respects, the motion is **DENIED**.

**IT IS FURTHER ORDERED** that no further extensions of time will be granted with regard to the production of the requested documents, and failure to comply with this order

regarding production of the EEOC documents shall result in a recommendation that plaintiff's Title VI and/or VII claims be dismissed.

Signed in Baton Rouge, Louisiana, on April 12, 2011.

*/s/ Docia L. Dalby*
**MAGISTRATE JUDGE DOCIA L. DALBY**