UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LESTER L. WASHINGTON

VERSUS

EAST BATON ROUGE PARISH
SCHOOL SYSTEM, ET AL

CIVIL ACTION

NO. 09-662-BAJ-DLD

## ORDER OF DISMISSAL

This matter is before the Court on a motion by defendants, East Baton Rouge Parish School System, East Baton Rouge Parish Board of Directors, Charlotte Placide, Annette Mire, Diane Helire, Peggy Lede, Millie Williams, Domoine Rutledge, and Howard Davis (collectively, "defendants") to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (doc. 42). In response to plaintiff's motion for an extension of time to oppose the motion, the Court granted plaintiff a twenty-one day extension.

In the three days just prior to the extended deadline, plaintiff filed three separate motions, two of which sought further extensions on the grounds that plaintiff has conflicting obligations imposed by, *inter alia*, his volunteer work, church, and job (docs. 48, 49)— none of which the Court finds compelling in light of the previous extension. The third motion (doc. 50) was submitted just prior to the extended deadline and includes a proposed opposition to the motion to dismiss (doc. 50-1). The proposed opposition, alone, however, totals fifty-one pages and, thus,

exceeds the page limit set forth by Local Rule 7.8, which the Court has previously brought to plaintiff's attention (see, doc. 44). Nonetheless, the Court has considered the opposition tendered by the plaintiff and finds that it fails to address the grounds set forth in defendants' motion.[1] Moreover, the Court finds merit in the arguments set forth by the defendants in their memorandum in support of the motion to dismiss.

Thus the Court finds that the defendants' motion to dismiss sets forth valid grounds for dismissal of this action pursuant to Rule 12(b). For the reasons that follow, however, the Court lacks jurisdiction to dismiss the complaint pursuant to Rule 12(b)(6).

On January 31, 2011, the Court ordered plaintiff, Lester L. Washington, to "submit a copy of the actual Title VI administrative complaint submitted to the EEOC and/or the results of the funding agency's determination, and the Right to Sue notification on the same administrative complaint" (doc. 39, p. 7). The Court also ordered plaintiff to "submit a copy of the actual EEOC charge relating to the Title VII claims of 'false information in personnel file' and 'disclosure of medical information to the public,' and a copy of the Right-to-Sue notification on the same EEOC charge" (Id.). On April 12, 2011, the Court granted a motion by plaintiff for an extension of time to comply with the Court's Order of January 31, 2011 (doc. 46).

---

[1] Because the proposed opposition was filed prior to the extended deadline for the filing of an opposition, no leave of court was required.

In granting that motion, the Court noted that "there is no indication in the record that plaintiff exhausted his administrative remedies under either Title VI or Title VII as he has failed to comply with the court's order to provide the charges of discrimination, any agency determinations, or right-to-sue notifications." The Order of April 12, 2011, also provided, in pertinent part:

> **IT IS FURTHER ORDERED** that plaintiff's motion for a 30 day extension in compliance with the court order of (sic) dated January 31, 2011 . . . (rec. doc. 40) is **GRANTED** only to the extent that,
>
> 1. Within forty-five (45) days of this order, plaintiff shall submit a copy of the actual Title VI administrative complaint submitted to the EEOC and/or the results of the funding agency's determination, and the Right-to-Sue notification on the same administrative complaint; and
>
> 2. Within forty-five (45) days of this order, plaintiff shall submit a copy of the actual EEOC charge relating to the Title VII Claims of "false information in personnel file" and "disclosure of medical information to the public," and a copy of the Right-to-Sue notification on the same EEOC charge.
>
> In all other respects, the motion is **DENIED**.
>
> **IT IS FURTHER ORDERED** that no further extensions of time will be granted with regard to the production of the requested documents, and failure to comply with this order regarding production of the EEOC documents shall result in a recommendation that plaintiff's Title VI and/or Title VII claims be dismissed.

(Doc. 46, pp. 7-8).

The Court notes that plaintiff has repeatedly been notified that he must file the documents at issue and that plaintiff has requested and been granted a significant extension of time to assure him adequate opportunity to do so. Plaintiff has also been cautioned repeatedly that a failure to file the documents constitutes ground for dismissal of this lawsuit. Nonetheless, plaintiff has failed to comply with, or even respond to, the Court's Order of April 12, 2011, and has, therefore, failed to establish this Court's subject matter jurisdiction.[2] Federal Rule of Civil Procedure 12 provides in pertinent part that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed.R.Civ.P. 12(h)(3) (emphasis added). "It is the duty of the district court, at any level of the proceeding, to dismiss a plaintiff's action *sua sponte* for failure of Federal jurisdiction even if the litigants do not raise the issue in responsive pleadings or in a motion to dismiss. 2 *Moore's Federal Practice,* § 12.30 (Mathew Bender 3d ed.; *Howard v. Lemmons,* 547 F.2d 290, 290 (5th Cir. 1977).

Accordingly, this action shall be dismissed for lack of subject matter jurisdiction.

Defendants also seek sanctions against plaintiff, noting that the Court has

---

[2] The Court has previously informed plaintiff of these well-established pre-requisites to suit and has cited pertinent case law which need not be repeated here. See, e.g. (doc. 39, pp. 6-7; doc. 46, pp. 5-6)

previously warned plaintiff "that repeated, frivolous or vexatious filings will subject him to appropriate sanctions" (doc. 36, pp. 2-3), but the complaint in this matter was filed prior to the warning given to the plaintiff. Accordingly, the Court finds no ground for such sanctions. The Court, however, repeats its warning that "repeated frivolous or vexatious filings will subject the plaintiff to appropriate sanctions" (doc. 36, p. 3). The Court specifically notes that a frivolous or vexatious attempt to file the same claims against these same parties in a new lawsuit will result in monetary sanctions against the plaintiff, including, but not limited to, a denial of in forma pauperis status.

## CONCLUSION

For the foregoing reasons, this matter is hereby **DISMISSED** for lack of subject matter jurisdiction.

Baton Rouge, Louisiana, May 30, 2010.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA